LINTHICUM v. OFFUTT. See Case No. 3,-484.

## Case No. 8,377.

### LINTHICUM v. REMINGTON.

[5 Cranch, C. C. 546.] [1]

Circuit Court, District of Columbia. March Term, 1839.[2]

EXECUTION SALE — JUDGMENT BY DEFAULT — FRAUDULENT DEED—WITNESS—PRIVILEGED COMMUNICATIONS.

1. A judgment by default at the imparlance term in the county of Washington, is regular,

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 14 Pet. (39 U. S.) 84.]

the rule to plead having expired in the preceding vacation.

2. The marshal may amend his return of a fieri facias after the return day, according to the truth of the case, by stating the sale, &c., from his sales-book.

[See note at end of case.]

3. The marshal's sales-book is evidence of the sale.

4. The plaintiff having offered in evidence a deed from Z. M. O. to the defendant to show that plaintiff and defendant both claimed title under the said Z. M. O., and at the same time stating that he intended to show that the deed was fraudulent and void as against the plaintiff, is not thereby precluded from proving the fraud.

5. When evidence has been given on both sides, the court will not instruct the jury that the plaintiff cannot recover upon the evidence offered on his part.

6. The court will not permit counsel to testify as to facts disclosed by his client, upon an application to him as a conveyancer to draw a deed.

7. The grantee of a deed alleged to be fraudulent, is a competent witness in support of the deed, in an action against the person to whom he has conveyed the property, upon receiving from him a release, &c.

Ejectment for part of lot No. 153, in Beatty & Hawkins's addition to Georgetown. The plaintiff [Otho M. Linthicum] claimed under a sale by the marshal, upon a fieri facias against Z. M. Offutt. The defendant [William Remington] claimed under a deed from the said Z. M. Offutt to James Remington, dated April 18, 1835, and from James Remington to the defendant, dated October 16, 1835. The plaintiff offered in evidence the record and proceedings in three cases and three writs of fieri facias against Offutt, which had not then been returned to the clerk's office, with the indorsement thereon, and the schedule of property upon which they were levied, which were produced by the marshal. And he also offered in evidence the private book of entries, kept by the marshal of his official sales, &c., in which is an entry of the sale of the property for which this suit is brought, made on the 13th of January, 1838, by his clerk, employed in his office, but who was not a deputy-marshal, and offered to prove that the said entry was truly copied from an original memorandum made by the deputy-marshal at the time of sale, which original paper is lost, and that the said entry was made in the said book by the said clerk according to the usage and practice of the said marshal's office. And the plaintiff further offered in evidence a written return of the said writs of fieri facias by the marshal, stating the sale of the property to the plaintiff, which return was not written or made out until after the jury was impanelled in this cause; and the plaintiff prayed the court to authorize the marshal to make the said return. To the admissibility of all which evidence, and to the granting of the said prayer the defendant objected; but THE COURT overruled the said objection, and permitted

the said evidence to be given by the plaintiff, and the said return to be made by the marshal. To which the defendant took a bill of exceptions.

R. J. Brent, for defendant, contended that the judgments were erroneous, because they were rendered at the imparlance term, and the defendant had, by the practice of this court (he contended), the whole term to plead in.

But THE COURT (THRUSTON, Circuit Judge, absent) overruled the objection, 1st. Because no error in the judgments can affect the sale under the fieri facias; and secondly, because the rule to plead had expired in the vacation preceding the imparlance term.

Mr. Brent contended that the marshal could not amend his return during the trial; and cited 2 Starkie, 520, pt. 4; Clarke v. Belmear, 1 Gill & J. 444; Barney v. Patterson, 6 Har. & J. 205; Berry v. Griffith, 2 Har. & G. 337.

The counsel for the plaintiff, in opening his case, stated to the jury that the plaintiff claimed title to the premises in question under a sale by the marshal, under a writ of fieri facias at the suit of O. M. Linthicum against Z. M. Offutt; and that the defendant claimed title to the same premises, under a conveyance from the said Offutt to the defendant, which would be proved to be fraudulent and void as against the plaintiff; and the counsel for the defendant having, in his opening of his cause stated to the jury, that the defendant did claim title under the said conveyance from Offutt to Remington, and the plaintiff having offered the evidence aforesaid, now, for the purpose of showing that the said defendant claimed title under Offutt, and preparatory to impeaching the same for fraud, gave in evidence the deed from Offutt to James Remington; and the deed from James Remington to William Remington the defendant, and then offered evidence to prove that the said deeds were fraudulent and void as against the plaintiff; to the admissibility of which evidence the defendant objected, but THE COURT overruled the objection, and the defendant took his bill of exceptions.

The defendant, having given a release to the said James Remington, offered him as a witness to support the validity of the deed from his brother-in-law, Offutt, to him, and from him to his father, the defendant, which were alleged to be fraudulent.

And THE COURT (CRANCH, Chief Judge, doubting) permitted him to be sworn and examined as a witness for the defendant.

Mr. Coxe, for plaintiff, offered to examine Mr. Marbury as to facts stated to him by Offutt when he requested Mr. Marbury to draw a deed for him. Mr. Marbury was an attorney and counsellor of this court, and often drew conveyances; and, having been sworn on the voir dire, said that he considered the communication as having been made to him in his capacity of attorney, counsellor, and conveyancer.

THE COURT refused to permit Mr. Marbury to state the facts which were communicated, and the advice he gave to Offutt.

Mr. Coxe cited Chirac v. Reinicker, 11 Wheat. [24 U. S.] 294.

Verdict for plaintiff.

Judgment affirmed by the supreme court, January, 1840.